# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY J. TURLEY,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 08-cv-007-MJR |
| **DANNY BEDINGER, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff previously filed a motion to correct the collection of his filing fee under 28 U.S.C. § 1915(b) (Doc. 14). Plaintiff argues that because the Court revoked his pauper status, he should not be required to continue making payments towards the filing fee. The Court disagreed with him and denied the motion (Doc. 15). Now before the Court is Plaintiff's motion for reconsideration of that ruling (Doc. 16).

Technically, such a motion does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 28 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the

movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In contrast, Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1).

Under either standard, the Court finds that the decision denying Plaintiff's motion to correct the fee assessment order was correct. Accordingly, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 28th day of September, 2010.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
