IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08–cv–7–SCW |
| | ) |
| DAVID BEDINGER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Taxation of Costs (Doc. 156). Specifically, Plaintif requests that he be awarded $350.00 in costs for the cost of filing his current case. A jury trial was held on Plaintiff's claims against Defendant Bedinger for retaliation on February 21 & 22, 2012. The trial resulted in a verdict in favor of Plaintiff and he received $1 in nominal damages. Plaintiff claims that he is entitled to recover the $350.00 filing fee from Defendant Bedinger because he is a "prevailing party" under **FEDERAL RULE OF CIVIL PROCEDURE 54(d)**. Defendant Bedinger has filed a Response (Doc. 158) in opposition to Plaintiff's motion. Defendant maintains that Plaintiff was not a prevailing party under Rule 54(d) because he only succeeded on one of his claims against Defendant.

**FEDERAL RULE OF CIVIL PROCEDURE 54(d)** provides that "costs - other than attorney's fees - should be allowed to the prevailing party." Under the rule there is a "presumption that the losing party will pay costs" although the court is given discretion in determining whether costs should be awarded or not. *Rivera v. City of Chicago*, **469 F.3d 631, 634 (7th Cir. 2006)**. "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined - the court must award costs unless it states good reasons for

denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). The Seventh Circuit has recognized two situations in which costs are not awarded, (1) when there has been misconduct by the party seeking costs and/or (2) the exercise of discretion in reducing or denying costs where the losing party is indigent. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). The court is instructed to look at two issues when awarding costs, whether the costs are recoverable and whether the amount sought is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). However, before awarding costs, the court must determine whether the party seeking costs was a "prevailing party" for purposes of the rule.

Plaintiff seeks $350.00 in costs to cover the cost of his filing fees. Defendant Bedinger does not argue that the costs are not recoverable costs[1] or unreasonable, but instead argues that Plaintiff should not be awarded costs because he is not considered a "prevailing party." "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009). However, a party need not win on every claim, but rather must get "substantial relief" in order to be considered the prevailing party. *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999). Further, in determining who is a prevailing party the court "should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided." *Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 481 F.3d 442, 446 (7th Cir. 2007) (citation omitted). In other words, the award should not depend on who won "the various battles preceding final judgment." *Id.* There is a strong

---

[1] Costs which are recoverable under 28 U.S.C. § 1920 include (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007).

presumption in favor of the prevailing party being awarded costs and the district court has "broad discretion" in determining whether and to what extent to award costs. *Weeks*, 126 F.3d at 945 (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995); *Barber v. Ruther*, 7 F.3d 636, 644 (7th Cir. 1993)). "The losing party has the burden to affirmatively show that the prevailing party is not entitled to costs." *M.T. Bank Co. v. Milton Bradley, Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

Here, Defendants argue that Plaintiff should not be considered a prevailing party because he only had judgment entered in his favor on one out of seven defendants and on only one of two claims that he had against that defendant, Defendant Bedinger. However, the Court notes that Plaintiff is not seeking costs from the other defendants who would most certainly be considered prevailing parties on the claims against them.[2] Instead, Plaintiff is only seeking costs from Defendant Bedinger who Plaintiff claims *he* was the prevailing party on the claims against him.

As Defendant Bedinger notes, Plaintiff had two claims against Defendant: (1) an excessive force claim and (2) a retaliation claim. The excessive force claim was dismissed at trial on Defendant Bedinger's motion for judgment as a matter of law. Plaintiff succeed on the lone claim that was presented to the jury, retaliation, although he was awarded a nominal damage of $1. Defendant claims that Plaintiff is not the prevailing party because he did not prevail on the most serious issue in the case and cites to *Perlman v. Zell*, 185 F.3d 850, 859 (7th Cir. 1999) to support his argument.

---

[2] Defendant cites to *Perlman v. Zell*, 185 F.3d 850, 858 (7th Cir. 1999) to support his claim that the fact that six out of seven defendants prevailed in this case is relevant to determining whether Plaintiff was a prevailing party. However, in *Perlman*, the Seventh Circuit did not question the plaintiff's label of "prevailing party" because several of the defendants prevailed outright. In fact, the Seventh Circuit noted that those five defendants who prevailed outright should, instead, not have been ordered to contribute to plaintiff's costs and could be entitled to their own costs against plaintiff. *Id.* at p. 858. In analyzing the "prevailing party" issue, the Seventh Circuit looked at two features which they suggested might not support plaintiff as the prevailing party: the fact that plaintiff lost on the only federal claim in the case and plaintiff's modest recovery. *Id.* at p. 859. Thus, in this case, the Court puts little relevance on the fact that Plaintiff lost on his claims against the other six defendants as Plaintiff properly does not seek costs from them.

However, in *Perlman*, the Seventh Circuit questioned plaintiff's status as a prevailing party because plaintiff had lost on the only *federal* claim. *Id.* As the Seventh Circuit stated, "the district court has discretion to treat defendants as the prevailing party because they prevailed on the only claim that justified the presence in federal court." *Id.* That is not the case with Plaintiff's claims. Here, Plaintiff succeeded on one of his two § 1983 claims.

Further, the Court finds that Plaintiff succeed on the most substantial issue, the retaliation claim. While Defendant makes much of Plaintiff's loss on the excessive force claim, the Court does not find that claim to be the most substantial of Plaintiff's claims as Plaintiff readily admitted that the force was *de minimis* and he was not injured and thus the claim was properly dismissed at trial on Defendant's motion for judgment as a matter of law. But Plaintiff's more substantial claim, the retaliation claim against Defendant Bedinger, proceeded to the jury who ultimately found in favor of Plaintiff. Although Plaintiff did lose on the excessive force claim, it is within this Court's discretion to award costs when the judgment is mixed or even nominal as was the case here.[3] *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) ("[C]ourts have especially broad discretion to award or deny costs in mixed result cases, including cases in which liability was established but recovery was nominal relative to what was sought(internal citation omitted)); *Testa v. Village of Mundelein*, Ill., 89 F.3d 443, 447 (7th Cir. 1996) (decision not to award costs in a case with mixed outcome is within court's discretion). *See also Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (court has "substantial discretion" in determining whether to

---

[3] While Plaintiff's award of $1 was nominal, it was the only award he could obtain for a retaliation claim that did not result in physical or other injury. Although Plaintiff's award might be small, it does not mean that he did not prevail on his claim as the violation itself is an injury. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). Thus, the fact that Plaintiff was only awarded $1 does not prevent him from being the prevailing party as he did succeed on his claim and the jury did find that a violation had occurred, Plaintiff was just not entitled to anything more than nominal damages for the claim.

award costs to a prevailing party who obtained a nominal victory). Accordingly, given the strong presumption under Rule 54(d), the Court finds that the Plaintiff was the prevailing party for purposes of Rule 54(d) as he prevailed on the most substantial of his claims against Defendant Bedinger and thus is entitled to costs. The Court **GRANTS** Plaintiff's motion for taxation of costs (Doc. 156) and **DIRECTS** the Clerk of Court to tax costs against Defendant Bedinger in the amount of $350.00.

On a final note, Plaintiff asks that the Court issue a stop payment order to Menard Correctional Center to stop the Trust Fund Officer from sending any more funds from Plaintiff's account to this case as well as to direct that his filing fee in the current case be transferred to his other outstanding filing fees. The Court will not do that. It is Plaintiff's responsibility to see that his filing fees get paid and then to have his trust fund account reimbursed with the funds from Defendant. The Court will not order the complicated and burdensome method of payment that Plaintiff suggests.

**IT IS SO ORDERED.**

DATED: September 28, 2012

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge