IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08–cv–007–SCW |
| | ) |
| ALAN UCHTMAN, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

On May 19, 2016, a motion hearing was held in the above-captioned case. Appearing at the hearing: Plaintiff appeared pro-se. Robert Fanning for Defendants. This order summarizes the hearing, as well as the Court's ruling on the motions in limine and other issues. More detailed reasons for the rulings can be found on the hearing transcript.

The Court ruled on the following motions in limine:

**Plaintiff's Motion Issue #1 (Doc. 280) — Granted**
While the fact of a felony may be probative of credibility, the Court is required to weigh the requirements of FRE 609(a)(1) subject to FRE 403. The name of Plaintiff's offense and the length of his sentence are extremely prejudicial and the probative value of the name of his conviction is outweighed by the prejudice that would result. The Court will permit the Defendants to elicit the number of felonies that Plaintiff for which Plaintiff has been convicted

**Defendant's Motion Issue #1 (Doc. 282) – Granted**
This is an issue that should be kept from the jury. Courts have determined that the probative value of a party's insurance or right of indemnification is outweighed by

the prejudicial value.  Jurys may view such evidence as a prod to award more money in damages.  It would be reversible error to allow this evidence.

**Defendant's Motion Issue #2 (Doc. 282) – Granted**

Plaintiff has no objection.

**Defendant's Motion Issue #3 (Doc. 282) – Under Advisement**

Plaintiff's grievances are only admissible for some purposes.  The grievance cannot be used to bolster the contentions of Plaintiff's case.  For example, Plaintiff cannot introduce his own grievance to prove that Plaintiff's cell is too small.  However, Plaintiff has not yet produced a proposed exhibit list, so the Court will hold off on ruling on this issue until Plaintiff has considered for what purposes he may introduce grievances.

**Defendant's Motion Issue #4 (Doc. 282) – Granted**

Plaintiff cannot provide his own testimony for causation issues when the issues are within the realm of an expert.  Plaintiff can testify regarding his stress levels, joint stiffness, headaches, stiffness, heat issue, and anxiety.  Plaintiff cannot testify that he got irritable bowel syndrome from being confined in a small cell.

**Defendant's Motion Issue #5 (Doc. 282) – Granted**

Plaintiff cannot provide hearsay testimony about what medical providers told him.

**Defendant's Motion Issue #6 (Doc. 282) – Granted**

Plaintiff has already had his day in Court regarding Danny Bedinger.  It is no longer related to the present issues, and Plaintiff may not raise those issue again at trial.

**Defendant's Motion Issue #7 (Doc. 282)** – Under Advisement

The Court will need to review Plaintiff's exhibit list prior to ruling on this issue because there are issues for which the regulations and administrative directives may be admissible.

**Plaintiff's Motion for Stand-by Counsel (Doc. 284)**

The Court asked Plaintiff a while ago if he wanted an attorney, and Plaintiff indicated he wanted to try the case himself.  It is now too close to trial to appoint an attorney and the Court declines to do so.  Motion is **DENIED**.

**Plaintiff's Motion for Tour by Jury and Release of Blue Print for Trial (Doc. 287)**

Plaintiff's motion for a jury tour is denied. It will be cumbersome and the Court does not believe that it has the authority to order a prison a tour. The Court does, however, believe that it would be probative for the jury to see pictures of the cell at issue here. The Defendants are directed to provide Plaintiff with color pictures of a representative cell in the North cell house. An adult male shall be pictured in the cell as a reference point. The pictures are only to be used for purposes of this case, and Plaintiff shall return the pictures at the termination of his appeal. Defendants are also directed to research the issue of whether there was a white line on the cell that Plaintiff was forbidden to cross. Plaintiff may use the exhibits he submitted with his Complaint if he redacts the language that he added to those documents. Defendants will verify the cell dimensions. Plaintiff's Motion is therefore **DENIED in part and GRANTED in part**.

Matter is reset for June 3 at 2 pm. Plaintiff shall submit his exhibit list to Defendants no later than May 25, 2016.

**IT IS SO ORDERED.**

**DATE: May 20, 2016**         /s/ *Stephen C. Williams*
                               **STEPHEN C. WILLIAMS**
                               United States Magistrate Judge