IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08–cv–007–SCW |
| | ) |
| ALAN UCHTMAN | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

Pro-se Plaintiff Gregory Turley filed this claim based on events arising at Menard Correctional Center. This case has a long procedural history, which the Court will not repeat at length here, other than to say the case is currently before the Court on Plaintiff's claim pursuant to the Eighth Amendment that his "tiny, cramped, poorly ventilated cell, exacerbated by his inability to leave it for exercise" constitutes an unconstitutional condition of confinement. (Doc. 194). Plaintiff's claim proceeds against Alan Uchtman, Dan Ohalu, Anthony Ramos, Betsy Spiller, Lt. Waller, Sgt. McDaniel, and Kim Butler (for purposes of injunctive relief only).

On January 28, 2016, Plaintiff filed a motion for a preliminary injunction. (Doc. 268). Defendants filed no response. On March 25, 2016, Plaintiff filed a second Motion for Preliminary Injunction and Order of Protection. (Doc. 278). Defendants filed a Response on April 18, 2016. (Doc. 279).

Plaintiff's first motion seeks injunctive relief against Charles McDaniel, a sergeant at Menard and Defendant in this case. (Doc. 268, p. 1). Plaintiff alleges that on January 22, 2016, McDaniel had the law library officer place Plaintiff in seat #50 in the law library, which is directly in front of the officer's desk and gate. (Doc. 268, p. 4). Plaintiff asked Officer Mitchell why he had been

1

placed in seat #50 and Mitchell told Plaintiff that McDaniel had asked him to. (Doc. 268, p. 5). McDaniel then came into the cage and told Plaintiff "I don't give a fuck about your lawsuits. If you don't like sitting in seat #45 or #50, tell me right now and I'll walk your ass right back out of here and you'll never come back!!!" (Doc. 268, p. 5). McDaniel then dated "You keep my name out of your fuckin' mouth or I'll close it for you!!! IS THAT UNDERSTOOD!!?" (Doc. 268, p. 6). Plaintiff stated "Yes sir." (Doc. 268, p. 6). McDaniel then walked away. (Doc. 268, p. 6). Plaintiff seeks an order banning defendants from access to him at Menard and alleges that he has suffered depression, anxiety, severe headaches, IBS, sever lower left jaw pain, and hearing problems as a result of abuse suffered at the hands of Menard guards. (Doc. 268, p. 7).

Plaintiff's second motion for injunctive relief indicates that he filed it in all of his pending cases in the Southern District. Plaintiff claims that Jennifer Clendenin and Kimberly Butler "conspired to create psychological abuse, and to thwart Plaintiff's legal challenge to his abusive conditions of confinement." (Doc. 278, p. 1). Specifically, Plaintiff alleges that on March 14, 2016 he was moved from the North Upper Cellhouse to the South Lowers Cellhouse. (Doc. 278, p. 3-4). Plaintiff alleges his new cell is in a windowless area, and the South Lowers scheduled has reduced his out of cell exercise time from 12 hours to 7 hours; and that Plaintiff has to choose between chapel, law library, and yard on Wednesdays, when in his old cellhouse, they did not conflict. (Doc. 278, p. 3, 5). Plaintiff requests a court hearing, and ultimately, an order providing him with 5 hours per week law library access and 15 hours of exercise or more, staged in 5 separate periods. (Doc. 278, p. 9).

Defendants' response states that Plaintiff's contentions lack support and that he has failed to meet his burden on injunctive relief. (Doc. 279).

Injunctions are extraordinary equitable remedies that are to be granted in civil cases only when specific criteria are clearly met by the movant. **Mazurek v. Armstrong, 520 U.S. 968, 972**

2

**(1997).** The plaintiff must show four elements for an injunction: (1) plaintiff is likely to succeed on the merits; (2) without an injunction irreparable harm against the plaintiff is likely; (3) the harm likely to be suffered by the plaintiff would be greater than the harm the injunction would inflict on defendants; and (4) the injunction is in the public interest. ***Id.*** The greater the likelihood that the plaintiff will succeed on the merits of the case, the less significant the likely harm against the plaintiff must be in relation to the harm the defendant will likely suffer due to an injunction. ***Id.*** According to the Prison Litigation Reform Act (PLRA) injunctions in the prison context must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C.A. § 3626.** Courts may issue preliminary injunctions only on notice to the adverse party. **Fed. R. Civ. P. 65(a)(1)**. A Temporary Restraining Order may be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

**Fed. R. Civ. P. 65(b)**

Here, the Court finds that Plaintiff is not likely to succeed on the merits because his requests for injunctive relief are not related to claims in this case. Plaintiff's claims in this case relate to cell size, specifically cell size in the North 1 general population cell house. Plaintiff's first motion for injunctive relief requests a restraining order against Defendant McDaniel based on a single incident wherein McDaniel yelled and cursed at Plaintiff in the law library. The Court doubts that Plaintiff's claims here even state a claim upon which relief could be granted. ***DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and**

3

unusual punishment, deprive a prisoner or a protected liberty interest or deny a prisoner equal protection of the laws."); *but see Beal v. Foster*, 803 F.3d 356, 358-59 (7th Cir. 2015) (finding that while most verbal harassment does not rise to the level of cruel and unusual punishment, some might). Additionally, Plaintiff does not allege and the Court sees no evidence that Plaintiff has been denied access to the courts based on McDaniel's conduct. But putting the validity of Plaintiff's claims aside, Plaintiff's Complaint states no claim on which a Court could grant a restraining order against McDaniel keeping him away from Plaintiff because Plaintiff's only claim is a conditions of confinement claim. Because Plaintiff seeks injunctive relief outside of the scope of the Complaint, the Court **DENIES** the injunction. (Doc. 268).

Plaintiff's second motion suffers from the same problem. Plaintiff's complaint addresses the issue of cell size in the North 1 general cellhouse. Plaintiff's second request for relief is premised on the fact that he was moved to the South Lowers cellhouse. Plaintiff has no claim for relief regarding the South Lowers cellhouse in this case. Plaintiff's request for injunctive relief asks for increased law library time and increased recreation time beyond he was receiving before the allegedly retaliatory conduct occurred. There is no basis for the Court to provide this relief because Plaintiff does not have a claim based on only getting 7 hours of recreation or having to choose between activities in this case. If Plaintiff wishes to pursue the matter further, the proper step would be to file new lawsuits. Because the Court finds that Plaintiff's request for relief here is unrelated to the remaining claim in this lawsuit and that therefore, Plaintiff has no chance of success on the merits, Plaintiff's second request for injunctive relief is **DENIED**. (Doc. 278).

## DISPOSITION

Plaintiff's requests for injunctive relief are **DENIED**. (Doc. 268) (Doc. 278).

**IT IS SO ORDERED.**
**DATE: May 25, 2016**                              /s/ *Stephen C. Williams*
                                                    **STEPHEN C. WILLIAMS**

                                          United States Magistrate Judge