# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY J. TURLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Cause No. 3:08-CV-00007 |
| | ) |
| **DANNY BEDINGER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S RESPONSE TO UNTIMELY RULE 59(e) MOTION

Plaintiff Gregory Turley, by and through his attorney, responds to Defendants' untimely Rule 59(e) Motion, stating as follows:

**I.    DEFENDANTS' RULE 59(e) MOTION MUST BE DENIED BECAUSE IT IS UNTIMELY.**

1.  This Court must deny Defendants' Motion to Reconsider (Doc. 372), because it was untimely and because the Court lacks discretion to grant extensions to untimely Rule 59(e) Motions.

2.  This Court entered its Order and Injunction on September 26, 2018. Doc. 372.

3.  The term "judgment", as used in the Federal Rules of Civil Procedure "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Accordingly, the Court's September 26, 2018 Order And Injunction was a judgment for the purpose of Rule 59(e). See Square D Co. v. Fastrak Softworks, Inc., 107 F.3d 448, 451, n1 (7th Cir. 1997)(" It is well established that an order of the district court granting an injunction is a 'judgment' for purposes of Rule 59(e)."). Even preliminary injunctions are considered judgments for the purpose of Rule 59(e). See Financial Servs. C. v. Weindruch, 764 F.2d 197, 198 (7th Cir. 1985) (per curiam); Wallace v. Miller, 2010 U.S. Dist. LEXIS 112257, *1-2 (S.D.Ill., June 13, 2012)(J. Gilbert)

4.	Rule 6(b)(2) prohibits Courts from extending the time to act under Rule 59(e), and Rule 59(e) provides only provides litigants 28 days to file motions for reconsideration.  Fed. R. Civ. P. 6(a)(2), 59(e).

5.	Because Defendants filed their Rule 59(e) Motion 29 days after this Court entered judgment, see Doc. 372, this Court must deny Defendants' Motion To Reconsider.

II.	**EVEN IF DEFENDANTS' MOTION WERE NOT UNTIMELY, DEFENDANTS' MOTION IS IMPROPER UNDER RULE 59(e) AND SHOULD BE DENIED.**

6.	Even if Defendants' Motion were not untimely, it should be denied by the Court because Defendants improperly assert facts and arguments that they should have made prior to the Court entering judgment.

7.	Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Wallace v. Miller, 2010 U.S. Dist. LEXIS 112257, *1-2 (S.D.Ill., June 13, 2012)(citing Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)).

8.	In its Motion, Defendants wrongly assert two arguments that it should have made prior to judgment.

9.	First, Defendants argue that "the Court's Order and Opinion is the first instance where allegations of pre-text are raised regarding IDOC's other legitimate reasons".  Doc. 372 at 4.  This is wrong.  Plaintiff raised the issue of pretext in his May 9, 2018 Supplemental Brief.  Doc. 369 at 1.  If Defendants thought it necessary to address this issue, they should have done so in the following four months prior to judgment.

10.	Second, Defendants make the untimely argument that the Court wrongly considered Plaintiff's medical conditions without expert testimony; however, Defendants failed to object to Plaintiff's evidentiary testimony concerning his conditions at the hearing.  See Doc.

158 at 85, 97-102 113, 114 (Plaintiff testifying concerning his anxiety). By failing to object to this testimony until after judgment, Defendants have waived their objection.

**WHEREFORE,** Plaintiff prays that this Court denies Defendants' Rule 59(e) motion.

**WITZEL, KANZLER & DIMMITT, LLC**

By:   /s/ Jay L. Kanzler
     Jay L. Kanzler #6208895
     2001 S. Big Bend Blvd.
     St. Louis, Missouri 63117
     Tel: (314) 645-5367
     Fax: (314) 645-5387
     jaykanzler@wkllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and sent to all parties of record

     /s/   Jay L. Kanzler